NANCY E. VAUGHN *v.* J. F. ROBINSON, ET AL.

[Abstract Kentucky Law Reporter, Vol. 7—827.]

**Jurisdiction Over Parties to Suit.**

> In a suit to foreclose a mortgage, where there are nonresident defendants and one minor defendant, no question can be raised as to the requirements of the proceeding as to such defendants by an adult defendant who is served with process, and who appears in the action and makes no objection to the judgment or sale and confirmation until long after confirmation. The defendants, not having had their day in court, or the purchaser at such sale might do so.

APPEAL FROM LINCOLN CIRCUIT COURT.

May 29, 1886.

OPINION BY JUDGE HOLT:

J. F. Robinson brought this action against J. J. Ball to enforce a mortgage lien created in June, 1876, upon a tract of land which the latter subsequently sold to John W. Vaughn. During the pendency of the suit the latter, who was a party to it, died, leaving the appellant, Nancy E. Vaughn, as his widow, and four children, three of whom were nonresidents and one an infant.

By an amended petition they were named as defendants to the action; a warning order against the nonresidents was made during a term of court, which is in form as an order of the court, and also an order appointing a guardian ad litem for the infant; but no affidavit whatever was ever filed either as to nonresidency, as directed by Civil Code 1876, § 58, or showing, as per § 38, that the infant had no guardian in the state.

The appellant and the two children residing in Kentucky were duly summoned. Both the attorney for the nonresidents and guardian· ad litem filed a report; and all this was done in proper time before the judgment was rendered by default ordering a sale of the land. The appellee, Sanfley, became the purchaser; and at the October term, 1884, of the court the sale was without objection confirmed, a deed made and writ of possession awarded to the purchaser.

At the March term, 1885, the widow, Nancy E. Vaughn, and who is now the sole appellant, moved the court, upon notice, to set aside the decree and sale, annul the deed and the orders of confirmation, and for a writ of possession and to restore the land to her; and the motion being overruled she alone now complains, and also urges that the land should have been appraised and the right given to redeem, as it did not sell for two-thirds of its value. The debt was, however, created in 1876; and it was held by this court in *Collins v. Collins,* 79 Ky. 88, 1 Ky. L. 323, that the act of April 9, 1878, providing for the redemption of lands sold under decree so far as it purported to apply to debts existing prior to its passage, was unconstitutional.

It is neither necessary nor proper to decide whether the warning order should not be considered as having been made by the clerk as directed by the code, and whether it should not be presumed that a showing as to nonresidency was made, as is frequently done, in open court, nor whether even a failure to appoint a guardian ad litem for an infant defendant will vitiate the title of a purchaser at a decretal sale. The nonresidents and the infant could raise these questions; but can the appellant, who was properly before the court? Beyond question all interest to which she was entitled passed to the purchaser.

It is urged, however, that it was absolutely essential to have the title holders of the land before the court in order to pass a valid

title. This is true; but while they or the purchaser can complain if they were not brought into court in order that they might have their "day in court," yet is the appellant in a position to raise such a question? It is said, that she had an interest in the land; and that by a sale of it, with a cloud upon the proceedings, or a failure to pass a complete title, it did not bring its value; and that she had a right therefore to complain when and as she did. She was, however, regularly summoned; she stood by and allowed the judgment to be rendered and the sale to be confirmed without objection.

More than this; she actually appeared in court and at her instance the judgment was so modified as to authorize a sale in parcel of the land.

She certainly had her "day in court" and was silent, when she should have spoken; she had every opportunity to question the validity of the sale and to prevent a sacrifice of the land; but after not only waiting, as we may well suppose, to see how the sale would result, she even fails to file any objection to the sale when reported, but suffers it to be confirmed, and at a subsequent term of the court for the first time is heard to complain.

Judgment *affirmed*.

*R. H. Tomlinson, Burdett & Walton, for appellant.*

*L. F. Hubble, for appellees.*